Case 3:17-cv-04903-BRM-TJB   Document 1   Filed 07/05/17   Page 1 of 8 PageID: 1

**STEVEN A. BERKOWITZ, ESQ. (NJ Bar No.: 82140)**
**STEVEN A. BERKOWITZ & ASSOCIATES, P.C.**
**One Greentree Centre, Suite 202**
**10000 Lincoln Drive East**
**Marlton, NJ 08053**
**(856) 350-6060**
**Fax (856)-751-1677**
**ATTORNEYS FOR PLAINTIFFS**
**United States for the use of Falasca Mechanical, Inc.**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES for the use of FALASCA MECHANIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> M.A. MORTENSON COMPANY, FEDERAL INSURANCE COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> Defendants. | Civil Action No.: <br><br><br><br><br><br><br> *CIVIL ACTION* |

## COMPLAINT

Plaintiff the United States for the use of Falasca Mechanical, Inc. ("Falasca" or "Plaintiff"), by way of Complaint against the Defendants M.A. Mortenson Company ("Mortenson"), Fidelity Insurance Company ("Fidelity") and Travelers Casualty and Surety Company of America  ("Travelers") (hereinafter may be collectively referred to as "Defendants") says that:

1

## PRELIMINARY STATEMENT

The within action is being brought by the United States for use of Falasca, a plumbing and HVAC contractor, that furnished and installed all Plumbing, HVAC, Test and Balance, and HVAC Control work, to Mortenson, for work performed for the United States Coast Guard (hereinafter the "U.S. Coast Guard") at the United States Coast Guard Training Center in Cape May, New Jersey.  The work was for the benefit of the United States of America and therefore a payment bond and performance bond was furnished by Mortenson pursuant to the Miller Act, 40 U.S.C. §§ 3131 and 3133.   Falasca has performed the work as specified by the U.S. Coast Guard and Mortenson, the work has been accepted, but Falasca has not been paid by Mortenson, or the surety that was to guarantee such payment under the Miller Act.

## JURISDICTION AND VENUE

1. The jurisdiction of this court over Count One is premised upon 40 U.S.C. §§ 3131 and 3133 (the "Miller Act").  This court has jurisdiction of the state law claims contained in Counts Two through Five under the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c). Defendants Mortenson, Fidelity and Travelers, have business locations within the State of New Jersey, or are registered to do business in the state of New Jersey   All defendants transact business within this district.  The acts alleged herein took place within and without this district.

## PARTIES AND RELATIONSHIPS

3. Plaintiff repeats each and every preceding paragraph of its Complaint as if set forth at length herein.

4. Falasca brings this action in the name of the United States pursuant to the Miller Act. Plaintiff is a corporation registered to do business in the State of New Jersey, with offices situated at 3329 N. Mill Road, Vineland, New Jersey 08360.

5. Plaintiff is engaged in the businesses of furnishing and installation of plumbing and HVAC equipment for public and private projects.

6. Mortenson is a corporation registered in the State of New Jersey with a registered place of business situated at 820 Bear Tavern Road, Trenton, New Jersey 08628 and its main business office situated at 700 Meadow Lane North, Minneapolis, MN 55422. At all times mentioned herein, Mortenson was the prime contractor to the U.S. Coast Guard.

7. Federal and Travelers are sureties that are registered with the State of New Jersey.

8. Federal has administrative offices situated at 15 Mountain View Road, Warren, New Jersey 070569.

9. Travelers has administrative offices situated at One Tower Square 2SHS, Hartford, Connecticut 06183.

10. Federal and Travelers issued a Payment Bond and Performance Bond to Mortenson, binding itself unto the U.S. Coast Guard and others.

11. Defendants Mortenson, Federal and Travelers are now and at all times mentioned herein corporations existing and doing business in the State of New Jersey.

## COUNT ONE
### (Action Pursuant to the Miller Act)

12. Plaintiff repeats each and every preceding paragraph of its Complaint as if set forth at length herein.

13. Mortenson entered into a contract with the U.S. Coast Guard, which provided that Mortenson would furnish general construction services to the U.S. Coast Guard for a

project known as "Pier 4 Recapitalization/FRC Homeport, USCG Training Center located at Cape May, New Jersey" (the "Project").

14. In order to effectuate its contract with the U.S. Coast Guard, Mortenson entered into a subcontractor agreement with Falasca (the "subcontract"), wherein Falasca was to furnish and install all Plumbing, HVAC, Test and Balance, and HVAC Control work (the "subcontract work") on the Project, in exchange for payment. A copy of the Subcontract, without attachments, is attached hereto as **Exhibit A.**

15. The Subcontract provided that Falasca furnish, deliver and install the subcontract work on the Project, in exchange for payment in the amount of $645,600.00.

16. During the course of construction, Mortenson issued change orders 1-6 to Falasca, for additional work, which was completed and billed by Falasca in the amount of $119,543.35. Change Order 7 was issued by Mortenson and not accepted by Falasca.

17. The value of the subcontract increased to $765,143.35.

18. In consideration of Mortenson's promise to pay Falasca under the subcontract, Falasca provided the subcontract work as agreed, and issued invoices therefore.

19. As of the date of this Complaint, Falasca has performed and billed $765,143.35 worth of the work pursuant to the subcontract.

20. Mortenson has paid Falasca $648,697.18.

21. Falasca has satisfied contractual obligations and completed the work pursuant to the Subcontract.

22. Falasca has demanded payment of the balance due of $116,446.19 from Mortenson, but Mortenson has failed and refused to remit payment due.

23. Falasca has not been paid pursuant to the subcontract.

24. Falasca demands payment for work performed in the amount of $116,446.19.

25. Falasca filed a claim on the payment and performance bond issued by Fidelity and Travelers.

26. Despite demand, Mortenson, Fidelity and Travelers have failed and refused to promptly pay Falasca the balance due of $116,446.19.

27. More than 90 days have expired since Falasca last performed work for which it has not been paid.

28. Fidelity and Travelers breached their obligations pursuant to the Bond by failing and refusing to remit payment due.

29. One year has not expired since the last day, which Falasca delivered equipment and/or supplied material or services for the Project.

WHEREFORE, Falasca demands judgment against Mortenson, Fidelity and Travelers concerning the Falasca Subcontract on the Project in the amount of $116,446.19 together with compensatory damages, interest, counsel fees, costs of suit, and such other relief as this Court may deem appropriate.

## COUNT TWO
**(Breach of Contract)**

30. Plaintiff repeats each and every preceding paragraph of its Complaint as if set forth at length herein.

31. In consideration of Mortenson's promise to pay Falasca under the Subcontract, Falasca furnished, delivered, installed, equipment and services as agreed.

32. Mortenson and the U.S. Coast Guard have accepted Falasca's performance and delivery pursuant to the subcontract.

33. As of the date of the filing of the within Complaint, Mortenson has partially paid Falasca, leaving the sum of $116,446.19 now due and owing to it on the Subcontract.

34. Falasca has demanded payment of the current balance due from defendants, however, no payment has been received.

**WHEREFORE**, Falasca demands judgment against Defendant Mortenson concerning the Subcontract for the Project in the amount of $116,446.19 together with interest, costs of suit, attorney's fees, and any such other relief that the court may deem just and appropriate.

## COUNT THREE
### (Unjust Enrichment)

35. Plaintiff repeats each and every allegation contained in the preceding paragraphs of its Complaint, as if set forth at length herein.

36. Plaintiff has furnished and delivered the plumbing and HVAC equipment and labor as set forth in the Subcontract.

37. Mortenson having received the equipment and services provided by Falasca, for its use and benefit, has been unjustly enriched, while Mortenson has been unfairly impoverished.

38. Plaintiff has demanded payment, but payment has not been made.

**WHEREFORE**, Falasca demands judgment against Defendant Mortenson concerning the Subcontract for the Project in the amount of $116,446.19 together with interest, costs of suit, attorney's fees, and any such other relief that the court may deem just and appropriate.

## COUNT FOUR
### (Quantum Meruit)

39. Plaintiff repeats each and every allegation contained in the preceding paragraphs of its Complaint, as if set forth at length herein.

40. Plaintiff has furnished and delivered valuable material and services for the benefit of Mortenson.

41. The fair market value of the material and services furnished and delivered by Plaintiff pursuant to the Subcontract, for which it has not been paid is $116,446.19.

42. The amount of $116,446.19 is due and owing from Mortenson to Plaintiff.

43. Plaintiff has demanded payment, but payment has not been made.

**WHEREFORE**, Falasca demands judgment against Defendant Mortenson concerning the Subcontract for the Project in the amount of $116,446.19 together with interest, costs of suit, attorney's fees, and any such other relief that the court may deem just and appropriate.

.

### COUNT FIVE
### (Book Account)

44. Plaintiff repeats each and every allegation contained in the preceding paragraphs of its Complaint, as if set forth at length herein.

45. There is due and owing to Plaintiff from Mortenson the sum of $116,446.19 on a certain book account, which has been previously demanded from Mortenson in the form of payment applications and the like.

46. Plaintiff has demanded payment from Mortenson, however it has failed and refused to make full or timely payment.

**WHEREFORE**, Falasca demands judgment against Defendant Mortenson concerning the Subcontract for the Project in the amount of $116,446.19 together with

interest, costs of suit, attorney's fees, and any such other relief that the court may deem just and appropriate.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The within matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: July 5, 2017

**STEVEN A. BERKOWITZ & ASSOCIATES, P.C.**
*Electronically filed*
S/Steven A. Berkowitz
**Steven A. Berkowitz**
**Steven A. Berkowitz & Assoc., P.C.**
**One Greentree Centre, Suit 202**
**Marlton, NJ  08053**
**(856) 751 1860**
*Attorney for Plaintiff United States for the use of Falasca Mechanical, Inc.*